J-S02028-24

**¶NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WAYNE WATERS | : | |
| | : | |
| Appellant | : | No. 510 EDA 2023 |

Appeal from the Judgment of Sentence Entered October 28, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007008-2021

BEFORE:   LAZARUS, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:                          **FILED FEBRUARY 27, 2024**

Wayne Waters (Appellant) appeals from the judgment of sentence imposed after a jury found him guilty of aggravated indecent assault and indecent assault.[1]  We affirm.

The trial court competently summarized the facts presented at trial:

> In June of 2021 [K.F. (the victim)] was living in Philadelphia at Serenity Court, a medical shelter.  Notes of Testimony ("N.T.") 5/18/22[,] at 58-59.  [The victim], who was 38 years old at the time, resided at the facility after having suffered severe injuries from an accident in which she had been hit by a van.  *Id.* at 56-57.  Due to the accident, she required the use of a wheelchair. *Id.* at 57.  The accident also caused a traumatic injury to her brain, which had some impact on her short-term memory.  *Id.* at 57-58.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3125(a)(1), 3126(a)(1).

On June 24, 2021, at around 11:00 a.m., [the victim] was inside the facility when she observed [Appellant] standing near the front door and asking an employee of the facility if he could see another employee named Gloria. *Id.* at 62-64. [The victim] had never seen [Appellant] before. *Id.* at 67. The employee told [Appellant] that Gloria was not there and instructed [Appellant] to leave. *Id.* at 64. [Appellant] then walked down the building's front balcony and exited to the left. *Id.* Afterwards, [the victim] went out onto the balcony in her wheelchair to smoke a cigarette. *Id.* at 65. About three minutes later, [Appellant] returned. *Id.* at 67.

After returning, [Appellant] approached [the victim], knelt down, and began talking to her. *Id.* at 67-68. [Appellant] told her that she was pretty. *Id.* at 68. [The victim], who was wearing a sleeveless dress at the time, told him repeatedly to go away. *Id.* at 67-68. However, [Appellant] proceeded to place his hands up [the victim's] dress and put one of his fingers inside her vagina. *Id.* at 69. [The victim] attempted to get help by banging on the glass window behind her and trying to reach a call bell. *Id.* However, [Appellant] prevented her from reaching the bell by grabbing her wheelchair. *Id.* at 69-70. [The victim] then began kicking [Appellant] in his genitals and told him to stop, leave her alone, and go away. *Id.* at 70. [Appellant] persisted in his assault on [the victim] until a neighbor, Jonas Roca, approached the scene. *Id.*

Mr. Roca was walking his dog around the block when he noticed what was happening to [the victim]. *Id.* at 37-38, 70. He saw [Appellant] crouching over [the victim] while aggressively moving his hands under her dress as [the victim] repeatedly stated, "Help me." *Id.* at 37-38, 40, 71-72. Mr. Roca intervened, asking what was happening and saying that he was going to call the police. *Id.* at 41. As Mr. Roca pulled out his cellphone, [Appellant] got up, came down the ramp from the balcony and started circling around Mr. Roca. *Id.* Mr. Roca told him to back up and called 911, at which point [Appellant] ran away. *Id.* at 42-43.

At that point, Mr. Roca started yelling to get the attention of several men working across the street, and the men and Mr. Roca began chasing after [Appellant]. *Id.* at 44-45. After [Appellant] hopped over the fence, Mr. Roca went back to [the victim], and police officers responded to the scene. *Id.* at 45, 73. Several

males pointed out to Philadelphia Police Officer Clerrvius Exume that [Appellant] had fled into a home. *Id.* at 97-98. Officer Exume and his partner entered the home, walked up to the second floor, and saw [Appellant] as he was attempting to escape through a bedroom window. *Id.* at 98-99. Officer Exume tried to grab [Appellant], and they struggled for several minutes until the officer was finally able to apprehend [Appellant] with the help of additional officers. *Id.* at 100.

That same day, [the victim] was transported to the Special Victims Unit of the Philadelphia Police Department, where she was interviewed and [physically] examined [by a medical professional] through the use of a rape kit. *Id.* at 73, 113-114, 117. A DNA analysis of a swab of [the victim's] vulva subsequently revealed the presence of male DNA. N.T., 5/19/22[,] at 13. However, the amount of male DNA collected was insufficient to create a profile of the person who was the source of the male DNA. *Id.* at 14-15. Although no male DNA was identified from the swab of [the victim's] vagina, Forensic Scientist Deanna Zarzecki opined that it was unlikely for any such DNA to have been recovered, given the short duration of the assault and the fact that [the victim] had used the restroom between the time of the incident and the time that the sample had been obtained. *Id.* at 15-16.

Trial Court Opinion, 4/27/23, at 2-4.

On June 25, 2021, the Commonwealth charged Appellant with aggravated indecent assault, indecent assault, and simple assault.[2] A jury trial took place on May 18-19, 2022, after which the jury convicted Appellant of aggravated indecent assault and indecent assault. On October 21, 2022, following the preparation of a presentence investigation report and Sex Offender Assessment Board evaluation, the trial court sentenced Appellant to 5 to 10 years in prison for aggravated indecent assault, and a consecutive one

---

[2] 18 Pa.C.S.A. 2701(a). No specific subsection of the simple assault statute is listed within the certified record.

to two years in prison for indecent assault. The trial court issued an amended sentencing order on October 28, 2022, which imposed a mandatory 12 months of reentry supervision[3] following Appellant's incarceration.

On November 7, 2022, Appellant filed a timely post-sentence motion challenging the weight of the evidence and the discretionary aspects of his sentence. Post-Sentence Motion, 11/7/22, at 1-2 (unpaginated). The trial court denied the motion on January 27, 2023. This timely appeal followed. Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents the following issue for our review:

> Did the trial court abuse its discretion in denying Appellant a new trial where the complainant's testimony was so contradicted by other evidence that the verdicts were against the weight of the evidence?

Appellant's Brief at 3.

Our standard of review concerning challenges to the weight of the evidence presented at trial is well settled:

> A verdict is not contrary to the weight of the evidence because of a conflict in testimony or because the reviewing court on the same facts might have arrived at a different conclusion than the fact[-]finder. Rather, a new trial is warranted only when the jury's verdict is so contrary to the evidence that it shocks one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail. Where, as here, the judge who presided at trial ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the

---

[3] **See** 61 Pa.C.S.A. § 6137.2 (requiring 12 months' consecutive reentry supervision where a defendant has been sentenced to serve 4 or more years' total confinement).

evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

One of the least assailable reasons for granting or denying a new trial is the lower court's determination that the verdict was or was not against the weight of the evidence and that new process was or was not dictated by the interests of justice. Thus, only where the facts and inferences disclose a **palpable abuse of discretion** will the denial of a motion for a new trial based on the weight of the evidence be upset on appeal.

***Commonwealth v. Morales***, 91 A.3d 80, 91 (Pa. 2014) (internal citations and quotation omitted; emphasis in original).

Appellant alleges the verdicts were against the weight of the evidence based upon 1) inconsistencies in (and contradictions of) the complainant's testimony, and 2) her alleged motive to fabricate.[4] Appellant's Brief at 15, 17. In his first argument, Appellant alleges "key portions of [the victim's] statement to police on the day of the incident were inconsistent with her trial testimony. Further, the Commonwealth's own witnesses contradicted [the victim's] trial testimony." ***Id.*** at 15. Appellant alleges conflicts in testimony pertaining to, *inter alia*, the victim's position when she was assaulted, her

_____

[4] In his Pa.R.A.P. 1925(b) concise statement, Appellant alleged the verdicts were against the weight of the evidence "given the complainant's inconsistencies and lack of recall." 1925(b) Statement, 3/20/23, at 2 (unpaginated). As the motive to fabricate issue was not specifically included in his concise statement, the trial court did not address this argument. Nevertheless, our review is not impeded given the easily understandable substance of Appellant's weight claim, and the comprehensive trial court opinion. ***See Commonwealth v. Landis***, 277 A.3d 1172, 1183 (Pa. Super. 2022) (declining to find waiver where a "weight of the evidence claim was easily understandable from context").

- 5 -

actions during the assault, the number of fingers Appellant used to assault the victim, and whether Appellant and the victim engaged in any conversation. *Id.* at 16. He further asserts Appellant could not have (as testified to by Mr. Roca) "aggressively" digitally penetrated the victim because the forensic exam noted no physical injury. *Id.* at 17.

In his second argument, Appellant contends the verdicts are against the weight of the evidence because the victim testified "[s]he left the facility because she did not feel safe[,] and she was pursuing a civil claim for monetary damages against the facility for failing to protect her." *Id.* He argues the victim's "motive to fabricate," in addition to inconsistencies and contradictions in the testimony, rendered the jury's verdicts against the weight of the evidence. *Id.*

Concerning conflicts in trial testimony, our Supreme Court has explained:

> A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. When a trial court considers a motion for a new trial based upon a weight of the evidence claim, the trial court may award relief only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail. ...
>
> At trial, the jury [is] the ultimate fact-finder and the sole arbiter of the credibility of each of the witnesses. Issues of witness credibility include questions of inconsistent testimony and improper motive. A jury is entitled to resolve any inconsistencies in the Commonwealth's evidence in the manner that it sees fit....

> **[I]nconsistencies in eyewitness testimony are not sufficient to warrant a new trial on grounds that the verdict was against the weight of the evidence**.

*Commonwealth v. Jacoby*, 170 A.3d 1065, 1080-81 (Pa. 2017) (citations and quotation marks omitted; emphasis added).

Here, the trial court addressed Appellant's claim regarding alleged inconsistencies in the victim's testimony:

> A review of [the victim's] testimony … shows that the inconsistencies … were few and not significant. They generally pertained to her past and present statements concerning the length of time she had been a resident of Serenity Court and the specific statements made to her by [Appellant] during the assault. Moreover, the vast majority of [the victim's] testimony was clear and compelling, including the details of the acts of assault committed by [Appellant] without her consent.

Trial Court Opinion, 4/27/23, at 5 (citations to the record omitted). We discern no abuse of the trial court's discretion in rejecting Appellant's weight challenge. Although Appellant highlighted minor inconsistencies and contradictions in trial testimony, the jury was free to resolve any inconsistencies in the Commonwealth's favor. *See Commonwealth v. Rivera*, 983 A.2d 1211, 1220 (Pa. 2009) ("[T]he trier of fact, in passing upon the credibility of the witnesses, is free to believe all, part, or none of the evidence." (quotation marks and citation omitted)); *see also Commonwealth v. Carter*, 195 A.3d 594, 601 (Pa. Super. 2018) (rejecting a weight of the evidence claim that a victim had motive to fabricate where the jury viewed and credited the victim's testimony). Consequently, Appellant's argument that the verdicts were against the weight of the evidence fails.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/27/2024